[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: January 5, 1993 Date of Application: January 5, 1993 Date Application Filed: January 12, 1993 Date of Decision: May 24, 1994
Application for review of sentence imposed by the Superior Court, G.A. 13 at Enfield.
John E. Franckling, Esq., Defense Counsel, for Petitioner.
John Dropick, Esq. Assistant State's Attorney, for the State.
Sentence Affirmed.
MEMORANDUM OF DECISION
By the Division:
The petitioner, who was fifty-eight years old at the time of sentencing, entered a pleading of guilty to a charge of Escape from a Correctional Institution (Escape first degree) § 53a-169 and under a part B Information, also entered a plea of guilty as a Persistent Serious Felony Offender. There was no agreement as to a sentencing cap and the State recommended a sentence of fifteen years consecutive to the sentence being served while defense counsel recommended a sentence of two or three years. The Court, commenting on the carefully planned and executed escape, the impact the escape had in the community in the extent of fear it created, and the deterrent effect if felt was necessary to accomplish, imposed a sentence of seven years consecutive to the sentence being CT Page 5986 served.
The petitioner was originally convicted in February 1986, of accessory to commit murder and was sentenced to a term of twenty-five years. That conviction involved the petitioner paying his own son to murder the petitioner's business partner in order to get control of the partnership enterprise by himself. Reportedly, when he escaped from the Carl Robinson Institution in December 1991, he not only made residents of the neighboring community fearful, his ex-partner's surviving family was also frightened for their safety.
The petitioner, together with one John Giannotti, a convicted rapist then serving a seventeen year sentence, made their escape during the night of December 19, 1992 through an opening which had been cut in an exterior metal window, and scaling a six foot high security fence. The petitioner made his way to Ohio where he was located and arrested on February 4, 1993.
The petitioner argues that a sentence in the range of that which he asked the trial court to impose would have been in line with other sentences imposed for escape. The Division is aware that less severe sentences have been imposed but we have no knowledge of those myriad considerations which factored into those other cases. The sentencing court could have imposed as much as twenty years under the Persistent Serious Felony Offender. Quere if that was a factor in the other cases referred to by the petitioner?
The petitioner states that this was not a planned escape, but a spur of the moment decision, and that he harmed no one physically during his time on the run. (There is, however, evidence to suggest that this escape was well planned as discussed above).
The petitioner overlooks the alarm and fear caused by the publicized escape of a convicted murderer and a convicted rapist. He overlooks the great cost in resources and manpower expended in the manhunt necessary to capture him. In short, this was a more serious offense than the petitioner claims.
It should also be noted that the co-accused, Giannotti, was also captured and also received a seven year consecutive sentence.
The sentencing court was well within the reasonable parameters appropriate to this case when it imposed the sentence of seven years. CT Page 5987
Reviewing this sentence in accordance with the provisions of § 942 of the Practice Book, the Division does not find it to be unduly severe or disproportionate. It is affirmed.
 JOSEPH J. PURTILL, JUDGE LAWRENCE C. KLACZAK, JUDGE RAYMOND R. NORKO, JUDGE
Purtill, Klaczak and Norko, Js., participated in this decision.